[No. 1495.]

CALEY v. COGGSWELL.

1. PARTNERSHIP—EVIDENCE.

Stricter evidence is required to establish a partnership in an action between alleged partners than when the action is between the partners and a third party.

2. PRACTICE—EVIDENCE.

In an action for wages where the defense was that a partnership existed between plaintiff and defendant and the case was tried upon the conceded theory that if the partnership was established the action must fail it was not error to refuse to permit defendant to testify that no profits accrued from the transaction.

*Appeal from the County Court of El Paso County.*

Mr. SCOTT ASHTON and Messrs. GUNNELL & HAMLIN, for appellant.

Messrs. CROWELL & McGARRY, for appellee.

WILSON, J.

Coggswell brought this suit to recover a balance for wages

claimed to have been earned by him while employed as a miner by the defendant in the working of certain mining property operated by him under a lease. There was no dispute as to the rendition of the services, nor the amount earned. The defense was that the plaintiff and defendant were partners in the mining operation, and there having been no accounting or settlement of the partnership business, this suit could not be maintained. The jury found in favor of the plaintiff, and judgment was rendered accordingly. The evidence was conflicting, but there was enough to support the verdict, and in such case we might content ourselves, in accordance with the usual rule, with simply declining to disturb the verdict, and affirming the judgment. As much of the evidence, however, was somewhat vague and uncertain, we have thought proper to carefully examine it all as preserved in the bill of exceptions. This examination convinces us that there was an entire failure to establish the defense set up. The evidence was not sufficient to establish a partnership so far as the plaintiff was concerned, even in an action between the partners and a third party, and the settled rule requires stricter proof when it is sought to establish a partnership in an action between the reputed parties to the partnership. It is not shown that there was any community of interest between the parties in the subject-matter of the pretended partnership. So far as appears, the plaintiff simply performed work and labor as a common miner and employee, without attempting to exercise any acts of authority or ownership, and without being consulted as to any of the operations carried on. The assignment of the lease was taken in the name of the defendant alone, and so far as we can gather from the evidence, the defendant alone managed and controlled all of the operations carried on, including the marketing of the ores, the payment of bills, etc. There was no community of profit or loss shown; on the contrary, it appears according to the testimony of the defendant that the operations entailed upon him a loss of several thousand dollars over and above all receipts, and yet it does not appear

that he ever requested plaintiff to bear any portion of this loss, or manifested any intention to do so. There was nothing in the acts of the parties shown by the testimony from which a partnership could be inferred. Neither was a partnership by express agreement shown. It is true that there was some testimony to the effect that plaintiff, after defendant had purchased and secured an assignment to himself of the lease, agreed to take an interest in place of money supposed to be due to him as a commission, he having had an option on the lease which the defendant purchased, and having called his attention to it. The testimony in reference to this, however, is entirely too indefinite and uncertain to establish a partnership. It is nowhere explained as to what this interest was to consist of, whether an interest in the lease, or whether the plaintiff was to take his chances for payment of his commission in the profits, if any, realized from operations under the lease. No part of the lease was assigned to plaintiff, and the acts of the parties were wholly insufficient to establish a partnership relation. The defense therefore entirely failed, and neither the work nor the wages being disputed, the finding of the jury was right upon the question of fact submitted.

Error is assigned upon the refusal of the court to allow the defendant while testifying as a witness, to answer several questions tending to show that no profits accrued from the lease, and that the operations resulted in a considerable financial loss. This was wholly immaterial. The case was tried upon the conceded theory that if the partnership was established, this action would fall, and therefore whether a profit or loss resulted had no bearing upon the issue. The court also sustained an objection to the following question put to one of defendant's witnesses, who was also reputed to be one of the partners in the lease, "And did you and Coggswell talk about getting out of the lease at any time?" This, defendant claims, was fatal error. The objection was a general one, and the court did not specify the ground of its ruling. It may have been that the question was leading, and

if so the ruling was correct. In any event however, the refusal of the court was not prejudicial to the defendant, because the witness had been asked and answered questions of similar import.

The instructions taken as a whole were fair and correctly stated the law. If there was any error in them, it was in favor of the defendant. The judgment will be affirmed.

*Affirmed.*